Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLO KENNEDY, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LVNV FUNDING LLC and ALLIED INTERSTATE, LLC,<br><br>*Defendants*. | Civil Action No. 18-10695 (JMV) (CLW)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this case, Plaintiff Marlo Kennedy alleges that Defendants LVNV Funding LLC ("LVNV") and Allied Interstate, LLC ("Allied") engaged in debt collecting practices that violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* D.E. 1. Currently pending before the Court is Defendants' motion to compel arbitration and dismiss the current action in favor of arbitration pursuant to Fed. R. Civ. P. 12(b)(6) and Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. D.E. 11-4. The Court reviewed the parties' submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is denied.

---

[1] Defendants' brief in support of their motion will be referred to as "Def. Br.," D.E. 11-4; Plaintiff's brief in opposition will be referred to as "Pl. Opp'n," D.E. 14; Defendants' reply will be referred to as "Def. Reply," D.E. 17; and Plaintiff's notice of supplemental authority will be referred to as "Pl. Supp. Auth.," D.E. 18.

## I. INTRODUCTION[2]

In February 2012, Plaintiff entered into personal credit card agreement (the "Agreement") with Credit One Bank, N.A. ("Credit One"). Compl. ¶ 25. Plaintiff then incurred debt on this credit card (the "Debt") and allegedly defaulted on her payments to Credit One. *Id.* ¶ 30. After this default, Defendant LVNV allegedly purchased the Debt from Credit One. *Id.* ¶ 31. Then, on or before February 3, 2018, LVNV referred the Debt to Allied for collection purposes. *Id.* ¶ 34. Allied then mailed a letter (the "Letter") to Plaintiff in an effort to collect on the Debt. *Id.* ¶ 40; D.E. 1-1. Plaintiff alleges that the Letter violates the FDCPA, serving as the basis for this action. *Id.* ¶ 58. Plaintiff filed her Complaint on June 16, 2018. Compl.

The Agreement[3] between Plaintiff and Credit One included an arbitration provision that states, in relevant part, "[y]ou and we agree that you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration." D.E. 11-2 at 5; D.E. 11-3 at 5. Elsewhere in the Agreement, the Agreement clarifies that "'we,' 'us,' 'our,' and 'Credit One Bank' refer to Credit One Bank, N.A., its successors or assigns." D.E. 11-2 at 1. The parties agree that this is the

---

[2] The facts are derived from Plaintiffs' Complaint ("Compl."), D.E. 1, and the documents relied upon therein, D.E. 11-2; D.E. 11-3. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court may also consider any document integral to or relied upon in the complaint and matters of public record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

[3] It appears that a 2016 Change of Terms modified the Agreement. *See* D.E. 11-3. Both contracts include materially the same language regarding arbitration and although the parties do not clarify which contract controls this dispute, the parties agree on the relevant language at issue. Therefore, the Court evaluates this relevant language and refers generally to these two contracts as the Agreement.

language at issue in the current motion. Def. Br. at 2-3; Pl. Opp'n at 4-5. The parties disagree, however, as to whether this language allows Defendants to compel arbitration in the present matter. Def. Br. at 4-14; Pl. Opp'n at 5-15.

On August 23, 2018, Defendants moved to compel arbitration and dismiss the current action in favor of arbitration. Def. Br. Plaintiff opposed this motion on September 17, 2018. Pl. Opp'n. Defendants replied on September 28, 2018. Plaintiff then filed a supplemental notice of authority on March 29, 2019, notifying the Court of Judge Hayden's recent decision in *Page v. N.A.R. Inc.*, No. 18-2200, 2019 WL 1370146 (D.N.J. Mar. 26, 2019), which dealt with a motion to compel arbitration under similar circumstances. Pl. Supp. Auth.

*Page* recognized the appropriate standard for evaluating a motion to compel arbitration in circumstances such as this, stating:

> [a]lthough the Court may apply the Rule 12(b)(6) standard to a motion to compel arbitration when the affirmative defense of arbitrability is apparent on the face of the complaint or the documents relied on in it, that standard is inappropriate when the complaint either does not clearly establish the parties' agreement to arbitrate or the opposing party has "come forth with reliable evidence" amounting to more than a "naked assertion . . . that it did not intend to be bound by the arbitration agreement."

*Id.* at *4 (quoting *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773-74 (3d Cir. 2013)). In such instances, "the motion must be evaluated under the summary judgment standard in Fed. R. Civ. P. 56, following a 'restricted inquiry into factual issues' to allow evaluation of whether a meeting of the minds existed on the arbitration agreement." *Id.* (quoting *Guidotti*, 716 F.3d at 774). "The Court is thus required to allow the non-movant to conduct 'limited discovery' on the 'narrow issue' of the validity of the arbitration agreement when there is no clearly established agreement to arbitrate on the face of the complaint." *Id.* (quoting *Guidotti*, 716 F.3d at 774).

3

## II. ANALYSIS

The FAA "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009) (citing 9 U.S.C. § 1 *et seq.*). "Congress designed the FAA to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate . . . and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration." *Id.* (internal quotations omitted). "The strong federal policy favoring arbitration, however, does not lead automatically to the submission of a dispute to arbitration upon the demand of a party to the dispute." *Id.* Instead, "[b]efore compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Id.* (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).

Here, the Court finds the first element to be dispositive. Plaintiff and Credit One entered into a valid agreement to arbitrate (the Agreement); neither party disputes this. Def. Br. at 8; Pl. Opp'n at 4. However, Credit One is not a party in this case. The terms of the Agreement allow Credit One or "its successors or assigns" to compel arbitration. D.E. 11-2 at 1, 5; D.E. 11-3 at 1. Defendants therefore argue that they are "successors or assigns" of Credit One as to Plaintiff's Debt, stating that "[a]fter Plaintiff defaulted on the Debt, LVNV purchased the Debt and subsequently assigned the Debt to Allied for collections purposes." Def. Br. at 8. Plaintiff argues that Defendants are not "successors or assigns" of Credit One as to her Debt, as Defendants offer no proof of succession or assignment. Pl. Opp'n at 7.

Defendants' failure to provide proof of succession or assignment warrants additional discovery. *See Page*, 2019 WL 1370146, at *5; *Lance v. Midland Credit Mgmt. Inc.*, No. CV 18-

4

4933, 2019 WL 1318542, at *8 (E.D. Pa. Mar. 22, 2019); *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018). In *Page*, the plaintiff brought a putative class action against the defendant debt collector for violations of the FDCPA. *Id.* at *1. The defendant debt collector moved to compel arbitration, relying on an arbitration agreement between the plaintiff and the original creditor. *Id.* The arbitration agreement included materially the same language as here, stating that "you and we agree that either party may . . . require arbitration," and defining "we" as the original creditor, "its successors and assigns." *Id.* at *2. The defendant stated via declaration that is was an "assign" of the original creditor and attached a purported assignment to the declaration. *Id.* at *4. The court noted, however, that the "assignment is not specific as to [the plaintiff]'s debt," and therefore arbitrability was not apparent on the face of the complaint or documents relied upon therein. *Id.* Accordingly, the court ordered "limited discovery into whether [the original creditor] validly assigned its rights to [the defendant] and thereby enabled [the defendant] to invoke the arbitration provision." *Id.*; *see also Lance*, 2019 WL 1318542, at *8 (denying defendant debt collector's motion to compel arbitration when arbitrability was ambiguous, and ordering limited discovery on this issue); *Torres*, 2018 WL 5669175, at *2 (same).

Here, the Court finds that arbitrability is ambiguous on the face of the Complaint and documents relied upon therein; it is unclear whether an arbitration agreement exists between the parties to this action. The Complaint relies upon the Agreement, *e.g.*, Compl. ¶¶ 25-29, which Defendants attach in pertinent part to their motion to dismiss, D.E. 11-2; D.E. 11-3. Plaintiff entered into the Agreement with Credit One, a non-party in this action. Compl. ¶ 25. The Agreement contains an Arbitration Provision. D.E. 11-2 at 5; D.E. 11-3 at 5. This Arbitration Provision, however, only allows Defendants to compel arbitration if they are "successors or

5

assigns" of Credit One.[4] *Id.*; D.E. 11-2 at 2. The Declaration of Jeffrey Meek, attached to Defendants' moving brief, states that "[u]pon information and belief, the Debt was eventually assigned to Allied . . . for collection purposes." D.E. 11-1 ¶ 7. No assignment is attached to Defendants' moving brief or reply. This single assertion in a declaration is insufficient to compel arbitration at this stage. The Court denies Defendants' motion to dismiss without prejudice and orders limited discovery on whether Defendants succeeded in or were assigned Credit One's right to collect on Plaintiff's Debt under the Agreement. After limited discovery, Defendants may file a renewed motion to compel arbitration, which the Court will review under a Fed. R. Civ. P. 56 standard. *See Guidotti*, 716 F.3d at 776; *Torres*, 2018 WL 5669175, at *2.

## III. CONCLUSION

In sum, the Court denies Defendants' motion to dismiss Plaintiff's Complaint without prejudice. The Court orders limited discovery on the issue of arbitrability. After this limited discovery, Defendants may file a renewed motion to compel arbitration. An appropriate Order accompanies this Opinion.

Dated: April 24, 2019

John Michael Vazquez, U.S.D.J.

---

[4] To the extent that Defendants argue that they are "affiliated companies" of Credit One and therefore entitled to compel arbitration, Def. Reply at 2, such argument is inappropriate. The Agreement states that the Arbitration Provision covers "Claims that relate to . . . [an] affiliated company." D.E. 11-2 at 5. The Agreement does not state that an affiliated company can compel arbitration. By arguing that they are affiliated companies with Credit One and therefore entitled to compel arbitration, Defendants would inappropriately be "confus[ing] the nature of the claims covered by the arbitration clause with the question of who can compel arbitration." *White v. Sunoco, Inc.*, 870 F.3d 257, 267 (3d Cir. 2017) (finding such when a defendant "point[ed] to the portion of the arbitration clause [that] define[d] the claims covered" as those made by "anyone connected with us" and argued that it was entitled to compel arbitration because it was "connected with" the original creditor).

6